**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E.I. Du Pont De Nemours and Company<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PureFlex, Inc.<br><br>　　　　　　　Defendant. | CASE NO. 1:07-cv-10388-JSR<br><br>Honorable Jed S. Rakoff<br><br>Magistrate Judge Kevin N. Fox |

## ANSWER OF DEFENDANT

Now comes the Defendant, PureFlex, Inc., by and through its attorney, Timothy L. Taylor, and answers the Complaint of the Plaintiff.

1.　　　This is a legal averment to which no answer is required. To the extent that an answer is required, PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

2.　　　PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

3.　　　PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

4.　　　Admitted.

5.　　　Admitted that those websites exist or existed at one time, and that the PureFlex was involved in the websites at one time. To the extent that the averment suggests more, it is denied as stated.

6. Denied that this Court has personal jurisdiction over the Defendant. Denied that this Court should exercise any pendent jurisdiction over any state or other claims against the Defendant.

7. Denied.

8. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

9. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

10. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

11. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

12. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

13. Admitted that Teflon is a famous name. Indeed, it is so famous, and the enforcement of the use of same has been so sporadic, that the name is generic.

14. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

15. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

16. The allegations in the averment are non-specific and therefore PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

17. The allegations in the averment are non-specific and therefore PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

18. Denied as untrue.

19. Denied as untrue.

20. Denied as untrue.

21. Denied as untrue.

22. Admitted that there have been communications, the balance of the averment is denied as untrue.

23. Denied as untrue.

24. Denied as untrue.

25. Denied as untrue.

26. This is a legal averment to which no answer is required. To the extent that an answer is required, PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

27. PureFlex incorporates its prior answers herein.

28. Denied as untrue.

29. PureFlex incorporates its prior answers herein.

30. Denied as untrue.

31. PureFlex incorporates its prior answers herein.

32. Denied as untrue.

33. PureFlex incorporates its prior answers herein.

34. Denied as untrue.

35. PureFlex incorporates its prior answers herein.

36. Denied as untrue.

37. PureFlex incorporates its prior answers herein.

38. PureFlex is without knowledge or information sufficient to form a belief as to the truth of the averment, and the matter is therefore denied.

39. Denied as untrue.

40. Denied as untrue.

41. PureFlex incorporates its prior answers herein.

42. Denied as untrue.

43. PureFlex incorporates its prior answers herein.

44. Denied as untrue.

Wherefore, the Defendant asks that the case be dismissed or that judgment be answered in its favor, and that it be awarded costs, a reasonable attorney's fee, and any other relief that is just under the circumstances.

Dated: December 4, 2007

Timothy L. Taylor (TT1960)
Attorney for Defendant
990 Monroe, N.W.
Grand Rapids, MI 49503
(616) 233-1300
timtaylorlaw@sbcglobal.net

## **AFFIRMATIVE DEFENSES DEFENDANT**

Now comes the Defendant, PureFlex, Inc., by and through its attorney, Timothy L. Taylor, and provides its Affirmative Defenses to the Complaint of the Plaintiff.

A. Lack of personal jurisdiction over the Defendant.

B. Failure to state a claim for which relief can be granted.

C. Unclean hands.

D. Laches.

E. Statute of limitations.

F. Equitable estoppel.

G. Acquiescence.

H. License.

I. Other permissive use.

J. The Plaintiff has suffered no damages.

K. The Plaintiff has abandoned the trademark.

L. The Plaintiff has not taken enforcement action against rampant non-permissive third-party use of the trademark.

M. Fair use of the trademark.

N. There was never confusion created with any purchaser or potential purchaser, nor was there a likelihood of confusion.

O. Any use by the Defendant did not unfairly compete with the Plaintiff, indeed, it only benefitted the Plaintiff.

P. In its use of the trademark, the Plaintiff has violated antitrust laws.

Q. There has been substantial dilution of the trademark.

R. The use of the name "Teflon" is so widespread that the mark is generic.

The Defendant reserves the right to amend its affirmative defenses as additional information and circumstances warrant.

Dated: December 4, 2007

Timothy L. Taylor (TT1960)
Attorney for Defendant
990 Monroe, N.W.
Grand Rapids, MI 49503
(616) 233-1300
timtaylorlaw@sbcglobal.net