UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E.I. Du Pont De Nemours and Company <br><br> Plaintiff, <br><br> v. <br><br> PureFlex, Inc. <br><br> Defendant. | CASE NO. 1:07-cv-10388-JSR <br><br> Honorable Jed S. Rakoff <br><br> Magistrate Judge Kevin N. Fox |

### STIPULATED ORDER OF INJUNCTION AND ORDER OF DISMISSAL

The Plaintiff, E.I. du Pont de Nemours and Company ("Du Pont"), commenced this action by the filing of a Complaint against the Defendant, PureFlex, Inc. ("PureFlex"), with this Court alleging, in part, that PureFlex has infringed upon and otherwise diluted Du Pont's rights in the TEFLON® Mark. Now on the agreement and consent of Du Pont and PureFlex, and having agreed to the terms and conditions of this Stipulated Order, subject to the approval of the Court, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. As used herein, "TEFLON® Mark" means name and mark TEFLON® and any confusingly similar variation thereon.

2. PureFlex acknowledges that as between the parties, Du Pont is the exclusive owner of the TEFLON® Mark.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-15-08
```

3.  PureFlex acknowledges that Du Pont could present evidence which, if accepted, could be construed to be violations of the statutory provisions cited in the Complaint. PureFlex, without admitting or contesting said violations and solely in order to resolve this matter, agrees to the provisions herein.

4.  Unless licensure is obtained by PureFlex (or an affiliate) from Du Pont for same, PureFlex, its officers, directors, principals, agents, servants, affiliates, employees, representatives, attorneys, successors and assigns, are hereby enjoined and restricted from:

   a.  Selling, offering for sale, promoting, advertising, distributing or providing any PureFlex products which contain the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark, unless they have obtained appropriate licensure from Du Pont to use the Mark;

   b.  Selling, offering for sale, promoting, advertising, distributing or providing any third party product which contains the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark that PureFlex knows does not have the appropriate licensure from Du Pont to use the Mark;

   c.  Selling, offering for sale, promoting, advertising, distributing or providing any third party product which contains the TEFLON® Mark or any other name, mark or design confusingly similar to the TEFLON® Mark where PureFlex has been informed by Du Pont that said product does not have the appropriate licensure from Du Pont to use the Mark;

   d.  Using the TEFLON® Mark in conjunction with any Internet activities conducted by it or on its behalf by any entity under its control, including any use as a domain name or in the text, hidden text, graphics and hypertext metatags or as a content keyword in connection with any Internet website;

   e.  Requesting or inducing Internet search engines to display links to the Defendant's website or other websites displaying or promoting Defendant's products when potential consumers using those search engines search for terms containing

        variations of the TEFLON® Mark or otherwise purchasing or making use of the TEFLON® Mark as a keyword on the Internet;

f. Claiming, representing or implying that any PureFlex products sold or used by the Defendant contain or are comparable to genuine TEFLON® fluoropolymer products or ingredients or are otherwise approved or authorized by Du Pont or manufactured or used in accordance with any standards established by Du Pont for goods or services to be sold in conjunction with the TEFLON® Mark. Notwithstanding the above, in the event that PureFlex makes a sale of product to E.I. du Pont de Nemours and Company or its subsidiaries and in the event that E.I. du Pont de Nemours and Company or its subsidiaries requires that the product to be purchased contains 100% genuine TEFLON® PTFE or a similar representation, then PureFlex shall be permitted to use the TEFLON® Mark in its oral and written communications with E. I. du Pont de Nemours and Company or its subsidiaries to the extent necessary to assure E. I. du Pont de Nemours and Company or its subsidiaries that PureFlex is in compliance with the aforementioned requirements;

g. Registering and using any additional domain name that incorporates the TEFLON® Mark, or any confusingly similar variation thereon.

5.    Nothing in this order shall prevent PureFlex from using the generic abbreviation PTFE.

6.    To the extent that that PureFlex has in its inventory any PureFlex products that bear the TEFLON® Mark, or any other materials (e.g., literature, packaging, etc.) which suggest that certain PureFlex products or materials bear the TEFLON® Mark, said products and materials shall be collected and forwarded to Du Pont within 60 days of this Order unless PureFlex has obtained said licensure from Du Pont for same. Recognizing that PureFlex has a large warehouse, and it is infeasible for it to survey each item, should any item be missed said item shall be seasonably forwarded to Du Pont after being discovered.

3

7.  PureFlex is not to use the domain name www.teflonhose.com without appropriate licensure from Du Pont to PureFlex or its affiliates to use the domain name *teflonhose.com*. Further, if within 12 months hereof PureFlex or an affiliate has not obtained the appropriate licensure from Du Pont to use the TEFLON® name, PureFlex shall transfer that domain name to Du Pont. During the time that PureFlex still has control of said website, unless there is licensure from Du Pont, PureFlex shall not use or permit others to use the website in any way. During this time period, no text, graphics, content or links to other websites may be displayed on the website at www.teflonhose.com, other than text information stating only that the site is inactive, except that PureFlex may instead point the website, or direct the reader, to Du Pont's Teflon website.

8.  Subject to the exceptions otherwise contained herein, unless licensure is obtained from Du Pont for same, PureFlex is required to cease all use of the TEFLON® Mark as of the date of this Order.

9.  All parties shall bear their own costs and no damages shall be awarded.

10. This Court has jurisdiction over the parties for purposes of enforcing this injunction. This does not address jurisdictional issues for any subsequent action between the parties except as it relates to this injunction.

11. This action is dismissed, with prejudice, with respect to all claims and counterclaims available to have been asserted in the case. Said dismissal, however, does not preclude enforcement of this injunction.

4

CROWELL & MORING, LLP

Dated: 2-14, 2008

By: _____
Dickerson M. Downing (SD4120)
Julia K. Smith (JS6115)
Attorneys for Plaintiff
E.I. du Pont de Nemours and Company
153 East 53rd Street
31st Floor
New York, NY 10022
(212) 223-4000
ddowning@crowell.com

Dated: 2/12, 2008

_____
Timothy L. Taylor (TT1960)
Attorney for Defendant PureFlex, Inc.
900 Monroe, N.W.
Grand Rapids, MI 49503
(616) 233-1300
timtaylorlaw@sbcglobal.net

Approved and Ordered:

Dated: 2/14, 2008

_____
Jed S. Rakoff
United States District Judge